**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 22 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-34034 |
| | ) | |
| David A. Courtney, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3010 |
| | ) | |
| Sharon K. Courtney, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| David A. Courtney, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF DECISION

This matter came before the Court for trial upon Plaintiff Sharon K. Courtney's pro se complaint against Defendant, David A. Courtney, her ex-husband and debtor in the underlying Chapter 7 case. Although her complaint is captioned "Objections to Discharge," Plaintiff objects to the discharge of specific debts owed pursuant to the parties' divorce decree. The court thus construes the complaint as an objection to dischargeability pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15).

The district court has jurisdiction over Defendant's underlying Chapter 7 bankruptcy case and all civil proceedings in it arising under Title 11, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The

Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No.2012-7 entered by the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of particular debts are core proceedings that this court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(I).

This memorandum of decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, weighed the credibility of the witnesses, considered all of the evidence, and reviewed the entire record of the case. Based upon that review, and for the reasons discussed below, the court finds that Defendant owes Plaintiff a debt in the amount of $402.50 that is nondischargeable under 11 U.S.C. § 523(a)(15).

## FINDINGS OF FACT

On June 4, 2012, the Court of Common Pleas for Marion County, Ohio, entered an agreed judgment granting the parties a divorce. [Pl. Ex. 3]. The divorce decree states that no children were born as issue of the parties' marriage and provides for the division of property and debts of the parties. [*Id.*]. It makes no mention of spousal support. In her complaint as construed by the court, Plaintiff objects to the dischargeability of four debts allegedly owed to her by reason of the divorce decree. Specifically, she alleges that Defendant was ordered to pay real estate property taxes in the amount of $592.81, debts owed to Columbia Gas in the amount of $696.35 and the City of Marion Utilities Department in the amount of $1,414.18, and one-half of the parties' 2011 Federal and State income tax refunds. At trial, Plaintiff testified that she was satisfied that Defendant has paid the property taxes and the Columbia Gas and Utilities Department debts as required by the divorce decree.

The divorce decree provides that the parties file joint federal and state income tax returns, "with all refunds being split equally between the parties." [*Id.* at ¶ 8]. Defendant sought the assistance and advice of H&R Block in preparing their 2011 tax returns. Defendant owed the New Jersey Higher Education Assistance Authority over $12,000 in student loan debt that was in default. [*See* Def. Ex. B]. Because any income tax refund would be subject to being intercepted for payment of the student loan debt, Defendant testified that he was advised to, and did, file his tax returns separately in order to protect any refund to which Plaintiff may be entitled. [*See* Pl. Exs. 1 & 2].

Although Defendant's federal income tax return shows that he was entitled to a tax refund in the amount of $884, [Pl. Ex. 1], the refund was intercepted for payment on his student loan debt, [*see* Def. Ex.

B, unnumbered p. 3]. The Internal Revenue Service later caused his tax return to be amended due to Defendant's failure to include his unemployment compensation as income. [*See* Def. Ex. C]. The amended return required an additional payment of $291. [*Id.*]. Defendant received a state income tax refund in the amount of $212. [Pl. Ex. 2]. That amount was not intercepted and was not shared with Plaintiff.

The divorce decree also provides that the parties "shall close the Marion Credit Union account and split the balance equally." [Pl. Ex. 3, ¶ 10]. Plaintiff testified that they "were supposed to do it together" and that "there wasn't much there, maybe $100."

## LAW AND ANALYSIS

In her complaint as construed by the court, Plaintiff seeks a determination that Defendant owes her a debt for spousal support and a property division pursuant to their divorce decree that is nondischargeable. The Bankruptcy Code excepts from a Chapter 7 debtor's discharge any debt "for a domestic support obligation" and any debt to a former spouse that is incurred by the debtor "in connection with a . . . divorce decree" that is not a domestic support obligation. 11 U.S.C. § 523(a)(5) & (a)(15). At trial, Plaintiff raised issues regarding two debts allegedly owed to her by Defendant pursuant to the parties' divorce decree– debts relating to income tax refunds for the tax year 2011 and to the closing of a "bank account."

Initially, the court notes that a debt relating to the closing of a bank account was not alleged in Plaintiff's complaint. Although Plaintiff testified over Defendant's timely objection regarding the "bank account," the court declines to permit the pleadings to be amended to include a claim relating to a bank account, as doing so will not aid in presenting the merits of this case. *See* Fed. R. Civ. P. 15(b)(1); Fed. R. Bankr. P. 7015. At trial, Plaintiff did not identify the bank account. The court cannot presume that the "bank account" is the Marion Credit Union account, which is the only account referred to in the divorce decree. In addition, the court finds Plaintiff"s testimony that "there wasn't much there, maybe $100" to be unpersuasive as lacking in any basis for her opinion of the account value.

As to Defendant's failure to divide income tax refunds for the tax year 2011 with Plaintiff, there is no dispute that the divorce decree required him to equally divide any refunds with Plaintiff. Regarding the federal tax refund, Defendant argues that no debt is owed to Plaintiff because he never actually received the refund, as it was intercepted for payment of his student loan debt. Notwithstanding its initial appeal, the court rejects this argument. The initial $884 tax refund was applied to reduce the debt owed to Defendant's student loan creditor, a debt the court notes is nondischargeable. This fact, however, negates neither the fact that a refund was issued nor the divorce decree provision entitling Plaintiff to one-half of that refund. That provision refers to "all refunds," not all refunds received. [Pl. Ex. 3, ¶ 8]. Defendant clearly received the

3

benefit of the entire refund amount in that his nondischargeable student loan debt was reduced by that amount. The court finds, therefore, that Defendant owes Plaintiff a debt in accordance with the divorce decree in an amount equal to one half of his federal income tax refund. Although the initial refund was $884, Defendant's federal tax return, as amended, required a tax payment by him in the amount of $291. Thus, the $884 must be reduced by this amount to reflect his actual overpayment of taxes in the amount of $593 ($884 minus $291), which is the actual tax refund to which he was entitled. In accordance with the divorce decree, Defendant owes Plaintiff one-half of the actual tax refund, or $296.50.

With respect to Defendant's state income tax refund of $212, which he, in fact, received, there is no dispute that he did not pay one-half of the refund to Plaintiff as required by the divorce decree. Defendant thus owes a debt to Plaintiff pursuant to the divorce decree in the amount of $106.

Finally, Plaintiff also raised an issue regarding Defendant's failure to file joint income tax returns as required by the divorce decree. Plaintiff testified that had a joint return been filed, she believed the tax refund would have been "about $1,000 more." However, the court finds her testimony unpersuasive as she offered no factual basis for her belief. And although Plaintiff asked the court to require Defendant to comply with the state court's order by amending the returns and filing jointly, Plaintiff's request is beyond the jurisdiction of this court.

## **CONCLUSION**

For the foregoing reasons, the court finds that Plaintiff has met her burden of demonstrating that Defendant owes her a debt in the total amount of $402.50 that is nondischargeable under 11 U.S.C. § 523(a)(15). The court will enter a separate judgment in accordance with this Memorandum of Decision.